IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN SITA,)
    Petitioner,)
)
    v.) 2-14-CV-591
)
COM. OF PENNSYLVANIA, et al.,)
    Respondents.)

MEMORANDUM and ORDER

Mitchell, M.J.:

Brian Sita has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Sita is presently serving a probationary sentence imposed following the entry of a guilty plea to charges of indecent assault, endangering the welfare of children and corruption of minors at No. CP-02-CR.9599 -2010 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on September 27, 2011.[1]

The relevant background and chronological history are set forth in the September 24, 2013 Memorandum of the Superior Court:

> The Commonwealth charged Appellant with over 50 crimes, mostly sexual offenses, on September 28, 2010. The Commonwealth alleged the crimes were committed over the course of five years on the minor daughter of Appellant's girlfriend, with whom Appellant was cohabitating. On September 26, 2011, Appellant, represented by counsel pled guilty to one count each of indecent assault, endangering the welfare of minors, and corruption of minors. After accepting the plea, the trial court sentenced Appellant to an aggregate term of six years of probation. Appellant did not file post-trial motions or a direct appeal.
>
> Subsequently, Appellant sent the court two letters requesting collateral relief that the trial court deemed filings under the PCRA. The PCRA court appointed PCRA counsel who filed an amended PCRA petition on October 10, 2012. After receiving an answer from the Commonwealth, on November 13, 2012, the PCRA

---

[1] See: Petition at ¶¶ 1-6.

court filed a notice to dismiss the PCRA petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 903. On December 14, 2012, the PCRA court dismissed Appellant's PCRA petition. This timely appeal followed.

On appeal, Appellant presents three issues for our review:

I. Did the PCRA court err by denying [Appellant's] PCRA petition since the record shows that the trial counsel was ineffective for failing to ensure that [Appellant], a deaf individual, understood and was able to follow the guilty plea proceedings?

II. Did the [PCRA] court err by denying [Appellant's] PCRA petition since the record shows that trial counsel was ineffective for failing to ensure that [Appellant] was informed of his right to file post-sentence motions and a direct appeal?

III. Did the [PCRA] court err by denying [Appellant's] PCRA petition since the record shows that trial counsel was ineffective for unlawfully inducing the guilty plea by misadvising [Appellant] that he would be with his children if he pled guilty and failing to advise him that contact with his children would be eliminated or severely restricted if he pled guilty? (footnotes omitted).[2]

On September 24, 2013, the denial of post-conviction relief was affirmed and leave to appeal was denied by the Pennsylvania Supreme Court on February 20, 2014.[3]

In the instant petition executed on May 8, 2014 and received in this Court on the same date, Sita alleges he is entitled to relief on the following grounds:

My rights was violated to fully understanding: counsel was ineffective; interpreter not clear or refused; results different than charges; communication with everyone was not established and in possession of added proof and evidence to support my innocence.[4]

Where a habeas challenge is raised following a plea of guilty, the only question before the federal court is whether or not the plea was knowingly, voluntarily and intelligently entered. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). That is, the defendant must be provided with sufficient information for making an informed decision. Shotts v. Wetzel, 724 F.3d 364 (3d Cir. 2013), cert. denied 134 S.Ct. 1340 (2014).

---

[2] See: Exhibit 6 to the response at pp.1-3.
[3] See: Exhibit 1 to the response at p.14.
[4] See: Petition at ¶ 12.

2

At the plea and sentencing hearing conducted on September 26, 2011, the plaintiff appeared with two attorneys and two court interpreters were sworn (TT. 3); defense counsel explained that the petitioner could hear and understand language and could also lip read and did not require a separate interpreter to confer with counsel (TT.2, 4); the petitioner testified that he understood that there would not be an interpreter for any communications he wished to have with defense counsel (TT.5); that he was able to read lips and speak (TT.5); that he was forty-six years old, attended three years of college, could read, write and understand the English language (TT.7-8); that he had not consumed any alcohol within the prior forty-eight hours; that was able to make decisions, and that he had no mental illness (TT.7-14).

The prosecutor explained that the agreement entered into required the petitioner to plead to counts 2, 6 and 7 in exchange for a period of probation to be determined by the court (TT.6). The petitioner testified that no additional promises had been made to him; that no coercion had been employed and that he was pleading guilty because he was in fact guilty of the charges (TT.9-15). The Commonwealth outlined its case (TT.14), the petitioner stated that he understood the Megan's law requirements (TT.16-19) and the court determined that the plea was knowingly, intelligently and voluntarily entered and accepted the plea (TT.15). The probationary sentence was then imposed (TT.21).

Prior to entering the plea, Sita also executed a Guilty Plea Explanation of Rights Form again acknowledging his rights and that his plea was voluntarily, knowingly and intelligently entered.[5]

For these reasons, there is no basis upon which to conclude that the plea was not knowingly, voluntarily and intelligently entered with the assistance of counsel. Additionally, there is no demonstration that Sita's conviction was obtained in any manner contrary to federal law as determined by the Supreme Court of the United States nor involved an unreasonable interpretation of that law, and for this reason, Sita is not entitled to relief here. Accordingly, the petition of Brian Sita for a writ of habeas corpus will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[5] That form appears as response Exhibit 7 although it is mismarked as a second Exhibit 2.

ORDER

AND NOW, this 16th day of October 2014, for the reasons set forth in the foregoing Memorandum, the petition of Brian Sita (ECF 2) is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchell
United States Magistrate Judge